UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSEPH BROME JACKSON** | : | **CIVIL ACTION NO.  2:14-cv-103** |
| **FED. REG. #10865-017** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **WARDEN MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

REPORT AND RECOMMENDATION

Before the court is the *pro se* habeas corpus petition filed pursuant to 28 U.S.C. § 2241 by petitioner Joseph Brome Jackson. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (hereinafter "BOP") and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana (hereinafter "FCIO").  Jackson names C. Maiorana as his defendant herein.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

I.
Background

A. Chronology of Events

- *1998*---Following a jury trial, Jackson was convicted in the United States District Court for the Northern District of Florida of conspiracy to possess with intent to distribute cocaine base.  Doc. 1, pp. 1, 2.  Thereafter, based in part on a Georgia state court conviction, Jackson was sentenced in the Northern District of Florida to an enhanced sentence 248 months incarceration. Doc. 1, att. 3, p. 3.

- *2000*---Jackson appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit which affirmed the trial court's decision. Doc. 1, p. 2. See also, *United States v. Jackson*, 211 F.3d 597 (11th Cir. 2000).

- *March 29, 2002*---Jackson filed a habeas corpus petition pursuant to 28 U.S.C. § 2255 in the Northern District of Florida, alleging *inter allia* the invalidity of the Georgia state court conviction that increased his minimum mandatory sentence. Doc. 1, att. 2, p. 9.

- *March 17, 2004*---Jackson's § 2255 motion was denied. *Id.*

- *June 3, 2004*---Jackson's Georgia state court conviction was vacated and the state elected not to retry the case. Doc. 1, p. 9; Doc. 1, att. 3, p. 3.

- *January 14, 2005*---Jackson filed a second § 2255 habeas petition in the Northern District of Florida, again challenging the validity of his state court conviction. Doc. 1, att. 2, p. 9, att. 3, pp. 3-4.

- *October 12, 2005*---Jackson's second § 2255 motion was denied as second or successive. Doc. 1, att. 2, p. 9

- *November/December 2005*---Jackson filed a motion for reconsideration which was denied by the Northern District of Florida. *Id*.

- *2007*---Jackson filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the Southern District of Georgia, alleging that the sentence enhancement was erroneous because the predicate conviction had been vacated. The petition was later denied. *Id*.

- *December 15, 2008*---The Northern District of Florida reduced Jackson's sentence based on the retroactive application of United States Sentencing Guidelines Amendment 706. Doc. 1, att. 3, p. 6.

- *2009*---Jackson's motion for reconsideration of his § 2241 petition was denied by the Northern District of Florida. Doc. 1, att. 3, pp. 2-9. He appealed said denial but was ultimately unsuccessful. Doc. 1, att. 2, p. 11.

- *2011*---Jackson petitioned the Eleventh Circuit Court of Appeals for leave to file a second or successive § 2255 habeas petition, but his application was denied. Doc. 1, att. 3, pp. 10-11.

- *January 21, 2014*---Jackson filed the current *habeas corpus* petition pursuant to 28 U.S.C. § 2241.

B. **Present Claims**

In his current petition, Jackson claims that:

- He is actually innocent of and therefore ineligible for the twenty year mandatory minimum sentence that he is serving under 21 U.S.C. § 851.

- There is some question as to whether his second § 2255 habeas petition was actually second or successive under the Antiterrorism and Effective Death Penalty Act.

- 28 U.S.C. § 2255 is inadequate to obtain relief and test the legality of his sentence.

- Ineffective assistance of counsel persisted throughout the case.
  Doc. 1, pp. 4-5.

## II.
## Law and Analysis

### A.  28 U.S.C. § 2241

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  A Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).  Here, Jackson collaterally attacks his incarceration arguing errors with regard to his federal conviction and challenges the sentence imposed, not the execution of his sentence.  Therefore, his claim should be advanced in a § 2255 Motion to Vacate.

### B.  Savings Clause

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme

Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Jackson's allegations are insufficient to invoke the savings clause. He has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense; nor has he shown that his present claims were foreclosed by circuit law at the time they should have been raised either at his trial, appeal, or in his previous motions to vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, this § 2241 petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### III.
### Conclusion

As Jackson has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks jurisdiction to consider his claims under § 2255. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause.

Accordingly,

-5-

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 18th day of February, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE